Board of Police Commissioners of Kansas City, Missouri Police Department 1125 Locust Street Kansas City, Missouri 64106-2687
Attention: Dale H. Close Assistant Legal Advisor
Dear Board Members:
This opinion letter is in response to the resolution adopted by you seeking an opinion from this office pursuant to Section 610.027.5, RSMo. You pose the following question:
 Whether records of arrest for all persons arrested by officers of the Kansas City, Missouri Police Department in the preceding twenty-four (24) hour period, including the name and address of the arrestee, the charge or violation, the date that the individual was charged, and the court date, are open or closed records.
Section 610.100, RSMo 1986, provides:
 610.100. Arrest records, closed, when. — If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120.
In addition, Section 610.105, RSMo 1986, provides:
 610.105. Effect of nolle pros — dismissal — sentence suspended on record. — If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.120.
Section 610.010, RSMo Supp. 1989, provides the following definition:
 610.010. Definitions. — As used in sections 610.010 to 610.030 and 610.100 to 610.115, unless the context otherwise indicates, the following terms mean:
 (1) "Closed meeting", "closed record", or "closed vote", any meeting, record or vote closed to the public;
[Emphasis added.]
* * *
Sections 610.100 and 610.105, RSMo 1986, specifically provide that arrest records and official records pertaining to a case resulting from an arrest become "closed records" aftercertain events occur, e.g., the arrested person is not charged within thirty days, the arrested person is charged but the case is later dismissed or nolle prossed, the arrested person is subsequently acquitted, or the arrested person is sentenced but imposition of sentence is suspended.
Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning.Metro Auto Auction v. Director of Revenue, 707 S.W.2d 397, 401
(Mo. banc 1986). Because the language of Sections 610.100 and610.105, RSMo 1986, provides for arrest records to be closed records after one of the enumerated events occurs, it must be presumed that such records are open records from the time an arrest record is made unless and until an event occurs which by statute requires the record to be closed.
Your question specifically asks if arrest records for a twenty-four hour period preceding a request for such records are open or closed records. Pursuant to Sections 610.100 and610.105, RSMo 1986, such records are open unless one of the enumerated events which would require the record to be closed has occurred.
Your question also asks if the name and address of the arrestee, the charge or violation, the date that the individual was charged, and the court date are open or closed records. Pursuant to Sections 610.100 and 610.105, RSMo 1986, unless one of the enumerated events requiring closure has occurred, the entire arrest record is an open record. Therefore, to the extent that the information listed in your question is included within an arrest record, this information is part of the open record. However, it is possible that not all of the listed information such as charges filed and court dates would be known and available within twenty-four hours of an arrest.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General